Dear Mr. Wiley:
You have requested our office reconsider Opinion Number 98-457. That Opinion address the following issue:
 Can the Levee Board Maintenance crews move debris and other garbage dumped on the levee onto adjacent, privately owned batture land not subject to the Levee Board's servitude?
In that opinion, based primarily on Article 667 of Louisiana Civil Code, we opined that the Lafourche Basin Levee Board is legally responsible for properly disposing debris and garbage placed on the levee and cannot simply move the debris off Levee Board property onto adjacent non-Levee Board property.
From the material you provided to our office, it appear that you are basing your request for reconsideration on two factors. The first is that the District does not own the land in which levee servitude is located. The land on which the levee is located is owned by the landowner and subject to a servitude in favor of the Levee Board. Pursuant to the servitude, materials to construct a levee were placed on the property subject to the servitude. It is our understanding that the levee, as built, constitutes property of the Levee Board. Underlying the levee is property owned by a third party (the landowner) subject to the servitude.
The second factor on which you request reconsideration of the opinion is application of La. R.S. 38:225. You state in the materials provided that this statute "requires the owner of the land to remove obstacles and debris within 48 hours of receiving notice to do so." Section 225 states, in pertinent part:
 Section 225. Obstructions on levees, waterways, and rights of way therefore; remover at expense of person responsible; destroying markers prohibited.
A. No person shall:
 (1)(a) Place or cause to be placed upon or within six feet of any part of the levees fronting any waterway subject to the control or surveillance of police juries, levee boards, municipal corporations, or other authorized boards or departments any object, material, or matter of any kind or character which obstructs or interferes with the safety of the levees or is an obstacles to the inspection, construction, maintenance, or repair of any levee; or place or cause to be placed any object, structure, material, or matter of any kind or character upon any part of any land which the state or any agency or subdivision thereof may own or acquire by deed, lease, servitude, charge, or otherwise, and through its authorized representative, may donate, grant, or otherwise convey to the United States rights-of-way, easements, or other servitudes for the construction, improvement, or maintenance of any flood-control structures or natural or other waterway, which may obstruct or interfere with the improvement or maintenance of such waterway or use of the land for flood-control purposes.
* * *
 B. If after forty-eight hours' notice by any district commissioner, levee inspector, or authorized representative of the state, agency or subdivision thereof, the object or objects, structures or other obstructions have not been removed, said objects can be removed or the menace abated and any damage repaired by the state, its agency or subdivision at interest at the expense of the owner, agent or person responsible therefor. The objects, structures or other obstructions may be attached and may be removed from said levee or land at the risk and expense of the owners or persons responsible therefor to remove the menace to said levee or the obstacle to the improvement or maintenance of such waterway.
This section provides that the person responsible for placing materials upon a levee or levee servitude is responsible for removing the materials should they interfere with inspection, construction, maintenance, or repair of the levee. We believe that this requirement applies to the person responsible for placing the materials on the levee or servitude. We do not believe this section applies, in general, to the landowner of the property subject to the servitude, unless the landowner is the person responsible for depositing such materials on the levee or servitude.
We have considered the information which you have provided and believe that the conclusions we reached in Opinion 98-457 are a correct interpretation of Louisiana law.
We trust the foregoing has been helpful. Should you have any further questions, please contact our office.
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: FREDERICK C. WHITROCK
Assistant Attorney General
RPI/FCW/crt
Attachment